# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **WESTGATE RESORTS, LTD.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00599** |
| | ) | **Judge Aleta A. Trauger** |
| **WESLEY FINANCIAL GROUP, LLC,** | ) | |
| **and CHARLES WILLIAM** | ) | |
| **McDOWELL, III,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM and ORDER</u>

Before the court are the plaintiffs' Objections (Doc. No. 123) and Sealed Objections (Doc. No. 125) to the Magistrate Judge's Order (Doc. No. 120) granting in part and denying in part the defendants' Motion for Protective Order as to Attorneys' Eyes Only Designations of Customer Information (Doc. No. 49). The defendants filed a Response in Opposition to the plaintiffs' Objections (Doc. No. 128), and the plaintiffs filed a Reply in further support of their Objections (Doc. No. 131).[1]

Defendants Wesley Financial Group, LLC and Charles William McDowell, III (collectively, "Wesley") filed their Motion for Protective Order in May 2020, when the case was still pending in the United States District Court for the Middle District of Florida. The case was transferred to this court in July 2020 (Doc. Nos. 56, 59), and the undersigned referred the Motion

---

[1] The plaintiffs are sixteen related entities, all with "Westgate" in their name, that are in the business of "developing, financing, managing, and selling timeshare resort properties throughout the United States." (Am. Compl., Doc. No. 104 ¶ 1.) They are referred to collectively herein, in the singular, as "Westgate" or "plaintiff."

for Protective Order to the Magistrate Judge (Doc. No. 63). After exhaustive and contentious briefing, which was not completed until November 2020, the Magistrate Judge entered the contested Order on December 1, 2020.

Prior to the filing of Wesley's Motion, the parties had entered into a Stipulation for Discovery and Confidentiality Agreement ("Confidentiality Agreement"). (*See* Doc. No. 49-8.) The Confidentiality Agreement authorizes both parties to designate any document containing "confidential information" and produced in discovery as either "confidential" or "attorneys eyes only" ("AEO"), depending on the producing party's "good-faith view (or whether it believes another party or non-party may view, even though it does not) of the documents as sensitive." (*Id.* ¶ 1; *see id.* ¶ 3 (describing documents that may be so designated).) Wesley's Motion, in short, sought a protective order upholding its AEO designation of documents produced in discovery containing identifying information of its customers—who are also Westgate's customers. (Doc. No. 49, at 2.) Westgate's opposition to the Motion, in short, is premised upon its contention that "[t]he notion that Wesley can conceal Westgate's own customers *from Westgate* is absurd." (Doc. No. 99, at 1.)

The Magistrate Judge's Order addressing the Motion lays out the law pertaining to the scope of discovery generally and the court's authority to enter protective orders, describes the nature of the discovery dispute within the context of the litigation as a whole and the parties' arguments for and against the request for a protective order, and carefully crafts a protective order that takes into consideration fairness to both parties and the need to protect the interests of third parties not before the court. (Doc. No. 120.) The Magistrate Judge found that (1) the information Wesley sought to protect qualifies as sensitive and confidential under the circumstances presented by this case; (2) the discovery documents that would reveal the identity of Westgate's customers

who are also current customers of Wesley fall under the parties' definition of documents that may be designated AEO, because they contain "sensitive commercial information of such a nature that disclosure to Westgate itself will independently cause competitive injury to Wesley (because it will lose those customers and their fees) and 'other injury' to those customers, third parties not before the Court" (Doc. No. 120, at 9); and (3) revealing this information to Westgate would effectively allow the plaintiff to "accomplish via discovery what it seeks to achieve through a judgment in this lawsuit: the destruction of Wesley's business" (*id.*).

The Magistrate Judge concluded, as a result, that Wesley had established good cause for a protective order, insofar as it had provided "specific facts showing clearly defined and serious injury resulting from discovery seeking the identity of Wesley's *current* customers." (*Id.* at 10 (emphasis in original).) The Magistrate Judge, therefore, ordered that "AEO documents pertaining to *current* Wesley customers . . . will remain AEO," including "documents that can be used in combination to determine the identities of current customers." (*Id.*) However, recognizing Westgate's "clear need for access to information in order to assist its attorneys in prosecuting the case and responding to Wesley's discovery requests," the Magistrate Judge also required Wesley to "de-designate," or remove the AEO designation from, documents containing customer-identifying information for Wesley's "*former* customers." (*Id.*)

In the interest of fairness, the court also ordered that Westgate would not be required to respond to discovery requests seeking information about Wesley's *current* customers and that the defendant's discovery requests would be deemed modified accordingly. (*See id.* at 9–10 ("[A]ll requests that seek the identity of current shared customers or are otherwise dependent on that information are modified to include only the former customers that Wesley makes known to Westgate.").)

Finally, the Magistrate Judge reminded the parties that "their continuing duty under Rule 26(e)(1) to supplement their discovery requests when appropriate" would be triggered "when and if current shared customers conclude their negotiations with Wesley and have their contracts [with Westgate] terminated," thus making them former clients of Wesley, "necessitating additional disclosures" to the plaintiff. (*Id.* at 11.)

In its Objections, the plaintiff insists that the Magistrate Judge's Order is clearly erroneous insofar as it condones the defendant's concealing the identity of Westgate's own customers from Westgate and, alternatively, that the Order "does not adequately define which existing Westgate customer is or can be a 'current' or 'former' Wesley customer" and carves out an unduly "vague exception for 'documents that can be used in combination to determine the identities of current customers." (Doc. No. 123, at 2–3.) Westgate further argues that the Order does not properly weigh the interests of the parties, because the defendant has not "articulated specific facts showing a clearly defined and serious injury," because Wesley "never actually explains [its] business" (*id.* at 9) and has not shown the possibility of harm to any Westgate customers by revealing their identity to Westgate, while the non-disclosures leave Westgate "unable to fully prepare its case" (*id.* at 13). It also maintains that the result of the Order will be that every filing will involve motions to seal and hundreds of hours spent redacting documents and, moreover, that the Order itself will be subject to abuse by the defendant. Finally, the plaintiff maintains that the Magistrate Judge defined "former" customers too narrowly. (*Id.* at 16–17.)

In response, Wesley argues that Westgate fails to show that the Magistrate Judge abused his discretion, relies on arguments and documents not submitted to the Magistrate Judge, asks the court to presume that Westgate's claims are correct on the merits, and exaggerates the procedural

difficulties posed by implementation of the Order. (Doc. No. 128.) The plaintiff's Reply (Doc. No. 131) essentially disputes each of these contentions.

The Magistrate Judge's Order concerns a discovery matter and, as such, is non-dispositive. *Accord Burghardt v. Ryan*, No. 5:19-CV-325, 2020 WL 4350049, at *2 (N.D. Ohio July 29, 2020). The court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). Under this standard, the court is not empowered to reverse the magistrate judge's finding simply because this court would have decided the issue differently. Findings of fact are reviewed under the "clearly erroneous" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). Legal conclusions are reviewed under the "contrary to law" standard. *Id.* "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous" standard in Rule 52(a)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Gandee*, 785 F. Supp. at 686.

The court has reviewed the record as a whole and the parties' arguments in support of and in opposition to the Motion for a Protective Order and finds that the Magistrate Judge's Order does not constitute an abuse of discretion. The plaintiff does not contend that the Order is contrary to

law. And, although Westgate contends that the ruling itself is "clearly erroneous," it has not pointed to any clearly erroneous factual findings or to any salient facts in the record overlooked by the Magistrate Judge in crafting his ruling.

Insofar as the plaintiff predicts that implementation of the ruling will be unduly burdensome, the outcome remains to be seen, and the plaintiff will certainly have the prerogative of seeking further relief if the prediction becomes reality. Similarly, to the extent the plaintiff objects to the definition of Wesley's "former" customers and what documents might in combination reveal their identity as unduly vague, the appropriate course of action is either to seek clarification from the Magistrate Judge or an agreement with Wesley as to how the terms should apply to the situations envisioned by the plaintiff.

In light of the deferential standard of review due non-dispositive orders, the plaintiff's objections (Doc. Nos. 123, 125) are **OVERRULED**. In addition, the plaintiff's Motion to File Under Seal (Doc. No. 110), which sought leave to file under seal portions of the plaintiff's Supplemental Memorandum of Law Challenging Defendant's Attorneys' Eyes Only Designation of Plaintiffs' Customer Information, is **DENIED AS MOOT**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge