**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WESTGATE RESORTS, LTD.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00599** |
| | ) | **Judge Aleta A. Trauger** |
| **WESLEY FINANCIAL GROUP, LLC,** | ) | |
| **and CHARLES WILLIAM** | ) | |
| **McDOWELL, III,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER: ANCILLARY MOTIONS

Before the court are a number of ancillary motions filed by both parties, including: (1) the

plaintiff's[1] Objection and Motion to Strike Declaration of Sandi Whitaker (Doc. No. 304),

accompanied by the later-filed Motion for Leave to File Supplement to the same motion (Doc. No.

364) and the proposed Supplement (Doc. No. 366); (2) the plaintiff's Motion to Strike Defendants'

Additional Facts in Response to Plaintiffs' Motion for Summary Judgment (Doc. No. 306); (3) the

defendants' Motion to Strike or Disregard Plaintiffs' Second Supplemental Statement of

Undisputed Facts (Doc. No. 327); and (4) the plaintiff's Motion for Oral Argument (Doc. No.

298). Each of these motions is opposed. As set forth herein, the court will deny each of these

motions.

## I.     PLAINTIFF'S OBJECTION AND MOTION TO STRIKE DECLARATION OF SANDI WHITAKER

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which

---

[1] The plaintiffs are collectively referred to herein, in the singular, as "Westgate" or "the plaintiff."

specifically contemplates striking "redundant, immaterial, impertinent, or scandalous matter" from *pleadings*. Fed. R. Civ. P. 12(f); *see also Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (affirming the district court's denial of a motion to strike exhibits attached to a dispositive motion, as these documents did not fall within the scope of Rule 12(f)).

Motions to strike are viewed with disfavor and are not frequently granted. *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977); *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). They are disfavored because they are, more often than not, simply "time wasters" that tie up the court and the parties in "purely cosmetic" matters. *Neal v. City of Detroit*, No. 17-13170, 2018 WL 1399252, at *1 (E.D. Mich. Mar. 19, 2018) (quoting Wright & Miller, 5C Federal Practice & Procedure § 1382 (3d ed. 2004)). At the same time, however, trial courts have inherent power to control their dockets and may exercise their discretion to strike documents or portions of documents. *Aerel S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006). They also have the discretion to simply disregard irrelevant, inadmissible, unsupported, or redundant material. *Accord, e.g.*, *Berry v. Frank's Auto Body Carstar, Inc.*, 817 F. Supp. 2d 1037, 1041–42 (S.D. Ohio 2011) ("[M]otions to strike are disfavored; a Court should ignore inadmissible evidence instead of striking it from the record." (footnote omitted)), *aff'd*, 495 F. App'x 623 (6th Cir. 2012).

In this instance, Whitaker's Declaration is not a pleading, nor does it contain the type of material contemplated by Rule 12(f). The court discerns no legitimate basis for striking the Declaration under Rule 12(f).

Insofar as the plaintiff objects to the Declaration as a "sham," the Sixth Circuit's sham-affidavit rule provides that "a party cannot create a genuine dispute of material fact with an

affidavit that conflicts with the party's earlier testimony about the fact." *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 842 (6th Cir. 2021) (citations omitted). The appellate court has indicated that the rule may apply in two situations: (1) when "a witness's affidavit 'directly contradicts' the witness's prior testimony"; and (2) when "the witness's affidavit is in tension with that prior testimony as long as the circumstances show that the party filed the affidavit merely to manufacture 'a sham fact issue.'" *Id.* (quoting *Aerel, S.R.L.*, 448 F.3d at 908). Neither of these situations is at issue here.

To the extent the plaintiff objects to the testimony in the Declaration on the basis that it conflicts with other evidence in the record presented by the defendants, the court finds no direct conflict. In any event, the more efficient course of action would have been to point out the deficiencies in the evidence in the context of the summary judgment filings.

The court takes notice of the plaintiff's objections, but the Motion to Strike (Doc. No. 304) is **DENIED**. The Motion to Supplement (Doc. No. 364) is **DENIED AS MOOT**.

## II.     PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ADDITIONAL FACTS IN RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Local Rule 56.01(c) requires the non-moving party responding to a moving party's statement of undisputed material facts to do one of three things with respect to each statement of fact: (1) agree that the fact is undisputed; (2) agree that the fact is undisputed for purposes of ruling on the motion for summary judgment only; or (3) *demonstrate* that the fact is disputed by citing to that portion of the record that supports the non-moving party's assertion that the fact is disputed. Federal Rule of Civil Procedure 56(c)(1)(A) also generally requires a party asserting that a fact is disputed to "support the assertion by . . . citing to particular parts of materials in the record."

The plaintiff here takes issue with the defendants' citations to the record in their Response to the plaintiff's Statement of Undisputed Facts. The plaintiff claims that the defendants have

improperly inserted "additional facts" into their Response, or alternatively, into their Response to Westgate's Motion for Partial Summary Judgment, without filing a separate statement of additional disputed facts, as contemplated by Local Rule 56.01(c).

The defendants' Response to the plaintiff's Statement of Undisputed Facts complies with the Local Rule 56.01 and Federal Rule 56(c)(1)(A), and the plaintiff's objection is without merit. Moreover, the fact that the defendants' Response to Westgate's Motion for Partial Summary Judgment apparently incorporates record citations that were not included in an optional separate statement of disputed facts does not provide a basis for striking those citations.

This Motion to Strike (Doc. No. 306) is also **DENIED**.

## III. DEFENDANTS' MOTION TO STRIKE OR DISREGARD PLAINTIFFS' SECOND SUPPLEMENTAL STATEMENT OF UNDISPUTED FACTS

With its Motion for Partial Summary Judgment, Westgate filed a Statement of Undisputed Facts. (Doc. No. 265-1.) With its Reply in support of its Motion for Partial Summary Judgment, Westgate filed a Second Supplemental Statement of Undisputed Facts ("SSS"). (Doc. No. 302.)[2] The primary purpose of the SSS is to attempt to refute the defendants' assertion, in their Response brief, that Westgate cannot establish harm from the defendants' alleged TCPA violation, because Westgate has admitted that it regularly assigns the right to receive payment for "huge numbers of [its] timeshare mortgage agreements to third parties as part of mortgage-backed security agreements." (Doc. No. 289, at 30.) The defendants cite the deposition testimony of John Willman, Westgate's Treasurer and Senior Vice President of Mortgage Services. The plaintiff's SSS sets

---

[2] Westgate filed a "Supplemental Statement of Undisputed Facts in Response to Wesley's and McDowell's Motions for Partial Summary Judgment" (Doc. No. 286-4), which the court has construed, in the context of those motions, as a statement of additional *disputed* facts, as contemplated by Local Rule 56.01(c). Presumably because this document was styled as a "Supplemental Statement," the document filed with the plaintiff's Reply brief is styled as a "Second Supplemental Statement."

forth additional testimony from Willman regarding Westgate's "securitization" of its mortgages. The defendants responded to the SSS (Doc. No. 330), but they also seek to strike it (Doc. Nos. 327, 328), on the basis that the SSS is not contemplated or authorized by the Local Rules, has needlessly multiplied the proceedings, and improperly attempts to supplement the grounds on which the plaintiff's summary judgment motion rests.

The defendant, of course, is correct that this court's Local Rules do not expressly contemplate the filing of supplemental statements of fact with reply briefs. However, if it had filed a separate statement of additional facts (as the plaintiff claims it should have), incorporating the facts on which it relies, the plaintiff would have been in a position to respond to those facts. Since the defendants chose not to take that course, it is also clear that the plaintiff could have set forth the same facts (with citations to the record) in their Reply brief, responding to the defendants' arguments, instead of compiling those additional facts in the SSS. It chose, instead, to file the SSS. While the court does not condone this practice as a matter of course, the fact that Westgate chose to file a separate statement of facts—and that the defendants chose to respond to it—actually makes it easier to locate and identify the facts on which the plaintiff relies in its Reply. The filing of the SSS also gave the defendants an opportunity to address those facts.

As set forth above, motions to strike are not favored, and the court will exercise its discretion to consider the facts in the SSS for whatever value they may possess. The defendants' Motion to Strike (Doc. No. 327) is **DENIED**.

IV. **CONCLUSION**

To summarize, the following motions are **DENIED**:

(1) the plaintiff's Objection and Motion to Strike Declaration of Sandi Whitaker (Doc. No. 304);

(2) the plaintiff's Motion for Leave to File Supplement to the same motion (Doc. No. 364) (denied as moot);

(3) the plaintiff's Motion to Strike Defendants' Additional Facts in Response to Plaintiffs' Motion for Summary Judgment (Doc. No. 306); and

(4) the defendants' Motion to Strike or Disregard Plaintiffs' Second Supplemental Statement of Undisputed Facts (Doc. No. 327).

The court further finds that oral argument would not assist it in resolving the matters at issue in these or any other pending motions. The plaintiff's Motion for Oral Argument (Doc. No. 298) is, therefore, also **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge