# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **WESTGATE RESORTS, LTD.,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:20-cv-00599** |
| | ) | **Judge Aleta A. Trauger** |
| **WESLEY FINANCIAL GROUP, LLC,** | ) | |
| **and CHARLES WILLIAM** | ) | |
| **McDOWELL, III,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Before the court is the Motion for Supplementation of Discovery Responses, supported by a Memorandum of law, filed by the defendants (referred to herein, in the singular, as "Wesley" or "the defendant"). (Doc. Nos. 415, 416.) The plaintiffs (collectively referred to herein, in the singular, as "Westgate" or "the plaintiff") oppose the motion. (Doc. No. 417.)

The issues and arguments raised in the motion and the response were, for the most part, also raised during a telephone conference the court conducted with the parties on October 19, 2023. Rather than issue a ruling at that time, the court required Wesley to file a written motion, clearly articulating what additional information it sought and why it believed it was entitled to it, to which Westgate would have the opportunity to file a written response.[1] The present filings are the result of that directive.

Having now had the opportunity to fully consider the parties' positions, the court will grant in part and deny in part Wesley's motion, as set forth herein.

---

[1] The transcript of this conference call is in the record. (Doc. No. 413.)

## I.      BACKGROUND

Wesley specifically requests an order requiring Westgate to produce

> (1) updated resale data for each of the properties that form a basis for Plaintiffs' damages calculation in this action, and (2) all IRS Form 1099s relating to Plaintiffs' reacquisition of any timeshare interest from an owner whose default forms a basis for Plaintiffs' damages calculation in this action.

(Doc. No. 415, at 1.)

The first part of this request apparently seeks supplementation of Westgate's original response to Wesley's Third Requests for Production of Documents, Request No. 1, which asked Westgate to produce:

> With respect to the timeshare interests which you contend were foreclosed upon or otherwise terminated as a result of Wesley's services, documents sufficient to show whether each such timeshare interest was resold and, if so, when each such sale occurred and the payment received by Westgate for each such sale.

(Doc. No. 416-2, at 3.) Westgate objected to this request but nonetheless agreed to "produce a spreadsheet with business records data reflecting the dates and proceeds of foreclosure sales involving Westgate timeshares purchased by Wesley's former customers." (*Id.*) And, according to Wesley, after Magistrate Judge Frensley issued his February 22, 2022 Order (Doc. No. 208) granting Wesley's Motion to Compel (Doc. No. 182), "[i]n April 2022, [Westgate] provided the promised spreadsheet reflecting resale data." (Doc. No. 416, at 2.) However, "in the 18 months since, [it has] not updated or supplemented that data for resales that post-date the end of discovery." *Id.* at 3.)

Wesley contends that the 1099 forms it seeks fall within the scope of previously promulgated discovery that was the subject of the same Order granting the same Motion to Compel and that Westgate should have already produced these documents. (*See id.* ("Likewise, Defendants submitted document requests that should have resulted in the production of all IRS 1099 Forms and UCC notices, or other documents issued by Plaintiffs in connection with Plaintiffs'

reacquisition of an owner's timeshare interest following default.").)[2] As Wesley recognizes, its discovery requests did not actually reference 1099 forms, but it contends that "those forms unquestionably fall within the scope of responsive documents" and that the plaintiff "made no specific objection to producing 1099s." (*Id.* at 3 n.2.) The discovery requests it claims "unquestionably" encompassed 1099 forms are Wesley's First Requests for Production, Request No. 34 (seeking "[a]ll documents relating to all timeshare customers of Westgate that you have foreclosed on") and Request No. 36 (seeking "[a]ll documents relating to any other legal remedy you have exercised against one of your customers by which your customer forfeits his/her timeshare interest."). (*Id.* at 3; *see also* Doc. Nos. 416-2, 416-3.)

Wesley argues that Westgate is required by the plain terms of Rule 26(e)(1)(A) and this court's Local Rule 39.01(e) to supplement previously produced discovery, as the discovery responses provided by Westgate in April 2022 (prior to the July 2022 discovery cut-off) "are, at best, stale and, in many cases, woefully incomplete, requiring supplementation." (Doc. No. 416, at 5.) In support of its motion, Wesley asserts that its request for supplementation "does not expand the universe of timeshare owners at issue in this case (or otherwise reopen or extend discovery)." (*Id.*) It notes that the plaintiffs were to produce a list by November 3 of all timeshare owners at issue here and asserts that this list will constitute "the fixed universe of timeshare owners that form the basis of Plaintiffs' damages claims." (*Id.* at 6.) Wesley expressly limits its request for supplementation to documents pertaining to this list: "In other words, if Plaintiffs intend to use a

---

[2] Wesley explains that it refers to 1099 forms as essentially shorthand to encompass "any and all such documents, whether 1099 Forms, UCC notices, or other similar documents as called for by Defendant's outstanding discovery requests" that "identif[y] the manner and timing of Plaintiffs' reacquisition of the timeshare interest and, importantly, Plaintiffs' representation of the value of that asset" that was returned to the plaintiff as a result of a customer default. (Doc. No. 417, at 1–2 n.1.) Thus, the court also uses "1099 forms" to encompass all such documents.

particular timeshare owner (and his/her defaulted mortgage payment) as a basis for seeking damages in this case, then Defendants seek information regarding Plaintiffs' resale of that timeshare interest and any 1099 Forms, or other documents generated by Plaintiffs in connection with the reacquisition of that timeshare interest." (*Id.*) It believes that, insofar as the plaintiff, post-April 2022, has "continued to resell interests in the specific properties that already form the basis of their damages claims in this case," then allowing it to seek damages "based upon defaulted mortgage payments without requiring [it] to disclose that, in many instances, [it has] now resold that interest and significantly (if not completely) mitigated [its] damages would allow [Westgate] the possibility of a double recovery." (*Id.*)

Westgate opposes this motion. (Doc. No. 417.) Regarding Wesley's demand for 1099 forms,[3] it contends that Wesley's motion is actually an untimely motion to compel, because there can be no "supplementation" of a production of "documents that were never requested and never produced." (Doc. No. 417, at 14 n.7.) It also contends that Wesley never conferred with Westgate before unexpectedly springing this request on it during a telephone conference with the undersigned on October 19, 2023 and never sought the court's permission to file such a motion to compel; that Judge Frensley's Order (Doc. No. 208) did not require the production of 1099 forms and, even if it had, that the rationale behind the ruling has been obviated by this court's summary judgment order; and that, regardless, the 1099 forms have no bearing on the calculation of Westgate's damages.

Regarding the supplementation of resale data, Westgate states that, during discovery, Wesley identified its customers that were also Westgate customers (most recently, in March 2022),

---

[3] Westgate also states that, insofar as Wesley requests various other "UCC-related documents, "[t]here are no UCC-related documents for the deeded timeshares Westgate sells—which are fractional interests in real property." (Doc. No. 417, at 14 n.8.)

and then Westgate produced documents and data associated with those customers (in April 2022).

Wesley has never updated its production to identify the Westgate customers it has procured as

clients since that date, "so Westgate has been denied both an injunctive and damages remedy as to

all the customers since then." (Doc. No. 417, at 2.) It contends that, while Wesley refuses to update

its own production, it is simultaneously demanding that Westgate do so. (*Id.*; *see id.* at 3 ("[A]ny

updating needs to begin with Wesley updating its customer lists, which is and has been the basis

for all other discovery, including Westgate's damages model. Otherwise, it is fundamentally unfair

to have one side litigating with a February 2024 cutoff date, to its benefit, and the other side

litigating with a March 2022 cutoff date, to its detriment.").)

It also explains that, because Wesley has never disclosed any new customers since March

2022, its request for supplementation of resale data apparently encompasses data related to two

distinct categories of transactions:

> (1) data that may have changed, due to the passage of time, for resale transactions
> that had already occurred as of April 2022, have already been disclosed to Wesley
> and were thus already part of the record upon which this case is to be tried, [and]
> (2) data for entirely new resale transactions that may have occurred after April
> 2022, which, because they had not yet occurred by April 22 were not disclosed to
> Wesley and were never part of the presumptive trial record of this case.

(Doc. No. 417, at 6.) It contends that, regarding all of this sales data, (1) Wesley's motion is not

timely, as it seeks effectively to re-open discovery more than a year after it closed; (2) the discovery

response at issue does not require supplementation under Rule 26, because it was neither incorrect

nor incomplete at the time of the initial response—and if the Rule is interpreted to require Westgate

to supplement, then Wesley should also be obligated to supplement; (3) Wesley forfeited any right

to supplementation by failing to raise the issue sooner, while knowing that both it and Westgate

intended to litigate this case based on the discovery exchanged prior to the July 2022 final

discovery deadline; (4) the data Wesley seeks consists of "voluminous data for 18 more months of

new transactions that have not previously been disclosed, data [that] Westgate does not maintain in the manner requested or as part of its regular operations" and that Wesley can just as easily obtain through "a few minutes of cross-examination at trial, if that type of evidence is allowed to be presented at trial" (Doc. No. 417, at 10); (5) the data sought is not relevant to Westgate's damages, because, when Westgate recovers timeshare inventory from a defaulting customer and then is able to resell it, that sale is not an "additional" sale—"[t]o the contrary, it just means that . . . [the] resale displaced the sale of other inventory that Westgate already had—*i.e.*, Westgate is a lost volume seller" (*id.* at 11); and (6) at most, if the court is inclined to order the production of any additional data, it should, at most, be limited to that relating to the first category identified above—data for resale transactions that had already occurred as of April 2022, and were already included in discovery and disclosed to Wesley. Finally, Wesley contends that any requirement that it produce additional data should be limited to electronic records.

## II.    DISCUSSION

### A.    The Request for 1099 Forms

The court has no difficulty in concluding that Wesley is not entitled, at this late date, to 1099 forms from Westgate. If, indeed, Wesley is correct that 1099 forms fall within the scope of discovery previously requested, then its motion to compel production of those forms now simply comes too late. It has known since Westgate's April 2022 production that the documents Westgate produced did not include 1099 forms.[4] If Wesley believed it was entitled to them, it should have filed a motion to compel 1099 forms before the expiration of the July 2022 discovery deadline. Instead, it has waited until more than a year after the expiration of the fact discovery deadline and

---

[4] Wesley is apparently in possession of one 1099 form produced by Westgate, but it is unclear in what context this single 1099 form was produced.

just a few months from the trial date. *Accord Morris v. Zurich Am. Ins. Co.*, No. 5:16-CV-129-TBR-LLK, 2018 WL 1875295, at *2 (W.D. Ky. Apr. 19, 2018) (finding a motion to compel untimely, where it was filed more than four months after the plaintiff received the defendant's responses to written discovery, four months after the close of fact discovery, two months after the close of all discovery, and almost two months after the dispositive motion deadline, and collecting cases in support of its observation that "[m]options to compel filed after the discovery deadline are almost always deemed untimely")); *FedEx Corp. v. United States*, No. 08-2423 MA/P, 2011 WL 2023297, at *4 (W.D. Tenn. Mar. 28, 2011) ("Numerous courts, including this court, have found that absent special circumstances, motions to compel discovery filed after the close of discovery are untimely." (collecting cases)).

And if, as Westgate argues, the 1099 forms do not reasonably fall within the scope of Wesley's discovery requests, then Wesley's demand that Westgate produce an entirely new category of documents is clearly untimely under the applicable Case Management Order, and Westgate has no obligation under Rule 26(e) of the Federal Rules of Civil Procedure to supplement documents it was never asked to produce in the first place.

Wesley's motion for the production of 1099 tax forms will be denied.

### B.     The Request for Updated Resale Data

Generally, under Rule 26,

> [a] party who has . . . responded to an interrogatory, request for production, or request for admission . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1)(A).[5]

Although the rule, on its face, appears to require supplementation only if a discovery response was "incomplete or incorrect" at the time it was made, district courts within the Sixth Circuit "have held that producing parties must supplement their earlier productions with relevant and responsive documents that are created after the producing party's initial document production." *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411, 2021 WL 790208, at *2 (S.D. Ohio Mar. 2, 2021) (collecting cases), *report and recommendation adopted*, No. 2:19-CV-411, 2021 WL 2410378 (S.D. Ohio June 14, 2021). There are exceptions to that general requirement, however, such as when the discovery request itself is limited in time or "if the requesting party has reason to know that the producing party has not supplemented its production in a timely manner," in which event the requesting party may "forfeit its right to court-compelled supplementation." *Id.* (citations omitted).

The court finds, first, that Wesley has not forfeited its right to supplementation, nor is its request for supplementation untimely. However, its request is subject to time limitations. As set forth above, the specific request the response to which Wesley seeks supplementation states:

> With respect to the timeshare interests which you contend were foreclosed upon or otherwise terminated as a result of Wesley's services, documents sufficient to show whether each such timeshare interest was resold, and, if so, when each such sale occurred and the payment received by Westgate for each such sale.

(Doc. No. 415, at 1.) Wesley's December 2021 Motion to Compel sought documents responsive to this request, among others. (Doc. No. 182.) Rejecting Westgate's arguments based on lack of relevance and proportionality, Judge Frensley granted Wesley's motion seeking the production of

---

[5] Under this court's local rule pertaining to trial procedure, any supplementation required by Rule 26 must take place "no later than thirty (30) days before trial." M. Tenn. L.R. 39.01(e).

these documents, but he specifically limited it to "information from the past five years."[6] (Doc. No. 208, at 28.) According to Wesley, Westgate thereafter satisfied its obligation to produce documents by providing a "spreadsheet reflecting resale data" as of April 2022. (Doc. No. 416, at 2.)

The court is persuaded that the request, as phrased and then as limited by Judge Frensley's Order, requires the supplementary production of information relating to resales of timeshare interests that had belonged to that universe of Westgate customers who were also Wesley customers and who fall within that apparently defined "universe of timeshare owners" that the parties have agreed are at issue in this case. To be clear, the court is not opening or extending the universe of "customers" covered by the discovery requests, and Wesley expressly states that its "request for supplementation does not expand the universe of timeshare owners at issue in this case." (Doc. No. 416, at 5.)

In addition, however, the request is limited to resale information relating to those timeshare interests that had already been "foreclosed upon or otherwise terminated" during the five-year window that closed as of the date of Westgate's production of data. The required supplementation is not limited to new information relating to resale transactions that had already occurred as of April 2022 and that were already included in discovery and disclosed to Wesley, as Westgate requests. Instead, Westgate's obligation to supplement requires disclosure of data relating to resales of other interests if they have now been resold, so long as the foreclosures or terminations had already occurred by April 2022.

---

[6] Neither party thereafter sought modification of Judge Frensley's Order or this court's review thereof.

With respect to Westgate's fairness argument, just because it is not seeking supplementation does not mean that Wesley is not entitled to do so, so long as the supplementation it seeks is properly within the scope of Rule 26(e).

As for Westgate's argument that the resale data is not relevant either to its damages or its obligation to mitigate damages, it made the same argument before Judge Frensley, and the information remains as relevant (or irrelevant) now as it was when Magistrate Judge Frensley granted Wesley's original Motion to Compel the production of the resale data. The court is cognizant of Westgate's contention that it is a "lost-volume seller," such that any property it resells after a foreclosure is not actually an additional sale but instead displaces the sale of other inventory. However, the court also notes that this issue was never the subject of any dispositive motion, and the question of damages is generally one for the jury.

The court, in sum, will grant in part Wesley's motion for supplementation of resale data. Westgate shall be required to supplement its discovery responses by updating resale data relating to timeshare interests previously held by customers on the parties' agreed-upon list of customers at issue in this case and that had already been foreclosed upon or otherwise terminated as of the date of Westgate's April 2022 production of resale data.

Finally, Westgate will only be required to produce such supplementation in electronic format.

## III.  CONCLUSION AND ORDER

As set forth herein, Wesley's Motion for Supplementation of Discovery Responses (Doc. No. 415) is **GRANTED IN PART AND DENIED IN PART**.

Wesley's motion is **GRANTED** in this respect: by **December 4, 2023**, Westgate **SHALL** supplement its discovery responses by updating resale data relating to timeshare interests previously held by customers on the parties' agreed upon list of customers at issue in this case and

that had already been foreclosed upon or otherwise terminated as of the date of Westgate's April 2022 production of resale data. The supplementation may be in electronic format.

Wesley's motion is otherwise **DENIED**.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge